1  LYNN HUBBARD, III, SBN 69773
2  SCOTTLYNN J HUBBARD, IV, SBN 212970
   **LAW OFFICES OF LYNN HUBBARD**
3  12 WILLIAMSBURG LANE
   CHICO, CA. 95926
4  (530) 895-3252

5  Attorney for Plaintiff

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARY FEEZOR | No. |
| Plaintiff, | **Plaintiff's Complaint** |
| vs. | |
| CHICO LODGING, LLC dba MARRIOTT. | |
| Defendant, | |

<u>Feezor v. Marriott</u>
**Plaintiff's Complaint**

Page 1

# I. SUMMARY

1. This is a civil rights action by plaintiff Lary Feezor ("Feezor") for discrimination at the building, structure, facility, complex, property, land, development, and/or surrounding business complex known as:

Marriott
2481 Carmichael Drive
Chico, CA 95928
(hereafter "the Hotel")

2. Feezor seeks exemplary damages, injunctive and declaratory relief, attorney fees and costs, against Chico Lodging, LLC dba Marriott (collectively "Mariott") pursuant to the Americans with Disabilities Act of 1990,( 42 U.S.C. §§ 12101 et seq.), and related California statutes.

# II. JURISDICTION

3. This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343 for ADA claims.

4. Supplemental jurisdiction for claims brought under parallel California law—arising from the same nucleus of operative facts—is predicated on 28 U.S.C. § 1367.

5. Feezor's claims are authorized by 28 U.S.C. §§ 2201 and 2202.

# III. VENUE

6. All actions complained of herein take place within the jurisdiction of the United States District Court, Eastern District of California, and venue is invoked pursuant to 28 U.S.C. § 1391(b), (c).

# IV. PARTIES

7. Mariott owns, operates, or leases the Hotel, and consists of a person (or persons), firm, or corporation.

**Feezor v. Marriott**
**Plaintiff's Complaint**

8. Feezor is a paraplegic as a result of an automobile accident and requires the use of a wheelchair and a mobility equipped van when traveling about in public. Consequently, Feezor is "physically disabled," as defined by all applicable California and United States laws, and a member of the public whose rights are protected by these laws.

## V. FACTS

9. The Hotel is a place of lodging within a building (with more than five rooms for rent), open to the public, which is intended for nonresidential use and whose operation affects commerce.

10. Feezor visited the Hotel and encountered barriers (both physical and intangible) that interfered with—if not outright denied—his ability to use and enjoy the goods, services, privileges, and accommodations offered at the facility. To the extent known by Feezor, attached as Exhibit A to this complaint is a true and accurate list (with photos) of barriers that denied his access at the Hotel.

11. Notwithstanding that visit, Feezor was also deterred from visiting the Hotel because he knew that the Hotel's goods, services, facilities, privileges, advantages, and accommodations at the hotel were unavailable to physically disabled patrons (such as himself). He still refuses to visit the Hotel because of the future threats of injury created by these barriers.

12. Feezor also encountered barriers at the Hotel, which violate state and federal law, but were unrelated to his disability; these unrelated barriers were included within Exhibit A, as a courtesy to the defendant, so the defendant can avoid inadvertent acts of discrimination against the disabled. Nothing within this complaint, however, should be construed as an

allegation that Feezor is seeking to remove barriers unrelated to his disability.

13.  Mariott knew that these elements and areas of the Hotel were inaccessible, violate state and federal law, and interfere with (or deny) access to the physically disabled.  Moreover, defendant has the financial resources to remove these barriers from the Hotel (without much difficulty or expense), and make the facility accessible to the physically disabled.  To date, however, defendant refuses to either remove those barriers or seek an unreasonable hardship exemption to excuse non-compliance.

## VI. FIRST CLAIM

### Americans with Disabilities Act of 1990

<u>Denial of "Full and Equal" Enjoyment and Use</u>

14.  Feezor incorporates the allegations contained in paragraphs 1 through 13 for this claim.

15.  Title III of the ADA holds as a 'general rule' that no individual shall be discriminated against on the basis of disability in the full and equal enjoyment (or use) of goods, services, facilities, privileges, and accommodations offered by any person who owns, operates, or leases a place of public accommodation. 42 U.S.C. § 12182(a).

16.  Mariott discriminated against Feezor by denying "full and equal enjoyment" and use of the goods, services, facilities, privileges or accommodations of The Hotel during each visit and each incident of deterrence.

<u>Failure to Remove Architectural Barriers in an Existing Facility</u>

17.  The ADA specifically prohibits failing to remove architectural barriers, which are structural in nature, in existing facilities where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv).  The term

"readily achievable" is defined as "easily accomplishable and able to be carried out without much difficulty or expense." Id. § 12181(9).

18. When an entity can demonstrate that removal of a barrier is not readily achievable, a failure to make goods, services, facilities, or accommodations available through alternative methods is also specifically prohibited if these methods are readily achievable. Id. § 12182(b)(2)(A)(v).

19. Here, Feezor alleges that Mariott can easily remove the architectural barriers at the Hotel without much difficulty or expense, and that Mariott violated the ADA by failing to remove those barriers, when it was readily achievable to do so.

20. In the alternative, if it was not "readily achievable" for Mariott to remove the Hotel's barriers, then Mariott violated the ADA by failing to make the required services available through alternative methods, which are readily achievable.

<u>Failure to Design and Construct an Accessible Facility</u>

21. On information and belief, the Hotel was designed or constructed (or both) after January 26, 1992—independently triggering access requirements under Title III of the ADA.

22. The ADA also prohibits designing and constructing facilities for first occupancy after January 26, 1993, that aren't readily accessible to, and usable by, individuals with disabilities when it was structurally practicable to do so. 42 U.S.C. § 12183(a)(1).

23. Here, Mariott violated the ADA by designing or constructing (or both) the Hotel in a manner that was not readily accessible to the

**Feezor v. Marriott**
**Plaintiff's Complaint**

Page 5

physically disabled public—including Feezor—when it was structurally practical to do so.[1]

### Failure to Make an Altered Facility Accessible

24. On information and belief, the Hotel was modified after January 26, 1992, independently triggering access requirements under the ADA.

25. The ADA also requires that facilities altered in a manner that affects (or could affect) its usability must be made readily accessible to individuals with disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2). Altering an area that contains a facility's primary function also requires adding making the paths of travel, bathrooms, telephones, and drinking fountains serving that area accessible to the maximum extent feasible. Id.

26. Here, Mariott altered the Hotel in a manner that violated the ADA and was not readily accessible to the physically disabled public—including Feezor—to the maximum extent feasible.

### Failure to Modify Existing Policies and Procedures

27. The ADA also requires reasonable modifications in policies, practices, or procedures, when necessary to afford such goods, services, facilities, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

28. Here, Mariott violated the ADA by failing to make reasonable modifications in policies, practices, or procedures at the Hotel, when these modifications were necessary to afford (and would not fundamentally alter the nature of) these goods, services, facilities, or accommodations.

---

[1] Nothing within complaint should be construed as an allegation that plaintiff is bringing this action as a private attorney general under either state or federal statutes.

**Feezor v. Marriott**
**Plaintiff's Complaint**

29.   Feezor seeks all relief available under the ADA (*i.e.*, injunctive relief, attorney fees, costs, legal expense) for these aforementioned violations. 42 U.S.C. § 12205.

30.   Feezor also seeks a finding from this Court (*i.e.,* declaratory relief) that Mariott violated the ADA in order to pursue damages under California's Unruh Civil Rights Act or Disabled Persons Act.

## VII. SECOND CLAIM

**Disabled Persons Act**

31.   Feezor incorporates the allegations contained in paragraphs 1 through 30 for this claim.

32.   California Civil Code § 54 states, in part, that: Individuals with disabilities have the same right as the general public to the full and free use of the streets, sidewalks, walkways, public buildings and facilities, and other public places.

33.   California Civil Code § 54.1 also states, in part, that: Individuals with disabilities shall be entitled to full and equal access to accommodations, facilities, telephone facilities, places of public accommodation, and other places to which the general public is invited.

34.   Both sections specifically incorporate (by reference) an individual's rights under the ADA. See Civil Code §§ 54(c) and 54.1(d).

35.   Here, Mariott discriminated against the physically disabled public—including Feezor—by denying them full and equal access to the Hotel.  Mariott also violated Feezor's rights under the ADA, and, therefore, infringed upon or violated (or both) Feezor's rights under the Disabled Persons Act.

36.   For each offense of the Disabled Persons Act, Feezor seeks actual damages (both general and special damages), statutory minimum

**Feezor v. Marriott**
**Plaintiff's Complaint**

1 damages of one thousand dollars ($1,000), declaratory relief, and any other
2 remedy available under California Civil Code § 54.3.
3   37.   He also seeks to enjoin Mariott from violating the Disabled
4 Persons Act (and ADA) under California Civil Code § 55, and to recover
5 reasonable attorneys' fees and incurred under California Civil Code §§ 54.3
6 and 55.

## VIII. THIRD CLAIM
### Unruh Civil Rights Act

38.   Feezor incorporates the allegations contained in paragraphs 1 through 30 for this claim.

39.   California Civil Code § 51 states, in part, that: All persons within the jurisdiction of this state are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

40.   California Civil Code § 51.5 also states, in part, that: No business establishment of any kind whatsoever shall discriminate against any person in this state because of the disability of the person.

41.   California Civil Code § 51(f) specifically incorporates (by reference) an individual's rights under the ADA into the Unruh Act.

42.   Mariott's aforementioned acts and omissions denied the physically disabled public—including Feezor—full and equal accommodations, advantages, facilities, privileges and services in a business establishment (because of his physical disability).

43.   These acts and omissions (including the ones that violate the ADA) denied, aided or incited a denial, or discriminated against Feezor by violating the Unruh Act.

**Feezor v. Marriott**
**Plaintiff's Complaint**

44. Feezor was damaged by Mariott's wrongful conduct, and seeks statutory minimum damages of four thousand dollars ($4,000) <u>for each offense</u>.

45. Feezor also seeks to enjoin Mariott from violating the Unruh Act (and ADA), and recover reasonable attorneys' fees and costs incurred under California Civil Code § 52(a).

## IX. FOURTH CLAIM
### Denial of Full and Equal Access to Public Facilities

46. Feezor incorporates the allegations contained in paragraphs 1 through 13 for this claim.

47. Health and Safety Code § 19955(a) states, in part, that: California public accommodations or facilities (built with private funds) shall adhere to the provisions of Government Code § 4450.

48. Health and Safety Code § 19959 states, in part, that: Every existing (non-exempt) public accommodation constructed prior to July 1, 1970, which is altered or structurally repaired, is required to comply with this chapter.

49. Feezor alleges the Hotel is a public accommodation constructed, altered, or repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code § 4450 (or both), and that the Hotel was not exempt under Health and Safety Code § 19956.

50. Mariott's non-compliance with these requirements at the Hotel aggrieved (or potentially aggrieved) Feezor and other persons with physical disabilities. Accordingly, he seeks injunctive relief and attorney fees pursuant to Health and Safety Code § 19953.

## X. PRAYER FOR RELIEF

WHEREFORE, Feezor prays judgment against Mariott for:

**Feezor v. Marriott**
**Plaintiff's Complaint**

Page 9

1. Injunctive relief, preventive relief, or any other relief the Court deems proper.
2. Declaratory relief that Mariott violated the ADA for the purposes of Unruh Act or Disabled Persons Act damages.
3. Statutory minimum damages under either sections 52(a) or 54.3(a) of the California Civil Code (but not both) according to the proof.
4. Attorneys' fees, litigation expenses, and costs of suit.[2]
5. Interest at the legal rate from the date of the filing of this action.
6. Such other and further relief as the court may deem proper § 3294.

DATED: September 26, 2005      LAW OFFICES OF LYNN HUBBARD

                     /s/ Lynn Hubbard, Esquire            /
                        LYNN HUBBARD, III
                        Attorney for Feezor

---

[2] This includes attorneys' fees under California Code of Civil Procedure § 1021.5.

**Feezor v. Marriott**
**Plaintiff's Complaint**