UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LARY FEEZOR,

        Plaintiff,

    v.

CHICO LODGING, LLC, dba MARRIOTT,

        Defendant.
_____/

NO. CIV. S-05-1951 LKK/CMK

O R D E R

Pending before the court is defendant Chico Lodging's motion to dismiss contending that plaintiff has not demonstrated that he has standing to bring the claims and that the complaint is not alleged with sufficient specificity. For the reasons explained below, the motion is denied.

**I.**

**THE COMPLAINT**

Feezor alleges that he is a paraplegic who requires the use of a wheelchair and a mobility-equipped van to ambulate. The Marriott in Chico, California, is a place of lodging with more than five rooms for rent, open to the public, and intended for non-

1

residential use. Feezor visited the Marriott and "encountered barriers (both physical and intangible) that interfered with - if not outright denied - his ability to use and enjoy the goods, services, privileges, and accommodations offered at the facility." Compl. at 3. Attached to the complaint is a list of different specific violations, some of which, the complaint explains, are unrelated to Feezor's disability but which were provided as a courtesy notice.

## II.

## STANDARDS

On a motion to dismiss, the allegations of the complaint must be accepted as true. See Cruz v. Beto, 405 U.S. 319, 322 (1972). The court is bound to give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. See Retail Clerks Intern. Ass'n, Local 1625, AFL-CIO v. Schermerhorn, 373 U.S. 746, 753 n.6 (1963). Thus, the plaintiff need not necessarily plead a particular fact if that fact is a reasonable inference from facts properly alleged. See id.; see also Wheeldin v. Wheeler, 373 U.S. 647, 648 (1963) (inferring fact from allegations of complaint).

In general, the complaint is construed favorably to the pleader. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). So construed, the court may not dismiss the complaint for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle him or her to relief. See Hishon v. King & Spalding, 467 U.S. 69,

73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). In spite of the deference the court is bound to pay to the plaintiff's allegations, however, it is not proper for the court to assume that "the [plaintiff] can prove facts which [he or she] has not alleged, or that the defendants have violated the . . . laws in ways that have not been alleged." Associated General Contractors of California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983).

## III.

## ANALYSIS

The defendant makes two claims in the present motion. First, it challenges whether the plaintiff has pled sufficient facts to demonstrate standing, arguing that plaintiff has not alleged an imminent injury. Secondly, it claims that the alleged violations are "conclusory and not sufficiently plead." Each issue will be addressed in turn.

**A.  STANDING**

Defendant's contention concerning standing is frivolous. The complaint alleges the following:

> Feezor was also deterred from visiting the Hotel because he knew that the Hotel's goods, services, facilities, privileges, advantages and accommodations at the hotel were unavailable to physically disabled patrons (such as himself). He still refuses to visit the Hotel because of the future threats of injury created by these barriers.

Compl. at 3.

////

////

3

1 Defendant argues that since plaintiff "refuses to visit the
2 Hotel" he has not shown that he intends to return, but rather that
3 he will not.  Clearly, however, Feezor is claiming that he is
4 deterred from visiting the hotel again until the alleged
5 accessibility violations are remedied for fear that he will be
6 injured again.  The Ninth Circuit, in <u>Pickern v. Holiday Quality</u>
7 <u>Foods Inc.</u> held that:

> a disabled individual who is currently deterred from patronizing a public accommodation due to a defendant's failure to comply with the ADA has suffered "actual injury."  Similarly, a plaintiff who is threatened with harm in the future because of existing or imminently threatened non-compliance with the ADA suffers "imminent injury."

12 293 F.3d 1133, 1138 (9th Cir. 2002).  It is unnecessary for
13 plaintiff to frequently return to a facility and suffer repeated
14 abuse in order to obtain standing.  <u>See</u> 42 U.S.C. § 12187(a)(1)
15 ("[n]othing in this section shall require a person with disability
16 to engage in a futile gesture if such person has actual notice that
17 a person or organization covered by this subchapter [Title III]
18 does not intend to comply with its provisions."); <u>Pickern</u>, 293 F.3d
19 at 1135; <u>Steger v. Franco</u>, 228 F.3d 889 (8th Cir. 2000).

20 Defendant's reply brief cites to <u>Molski v. Mandarin Touch</u>
21 <u>Restaurant</u> to support the argument that a serial plaintiff must
22 show more than simply a professed intent to return to a location
23 to be persuasive.  385 F. Supp. 2d 1042, 1045-46 (C.D. Cal. 2005).
24 According to defendant plaintiff has filed 44 ADA cases in this
25 District.
26 ////

4

1  I begin by noting that Molski is not biding and hardly
2 persuasive.  Moreover, the rule for motions to dismiss is that the
3 court must treat plaintiff's colorable allegations as true.
4 Nothing before the court suggests that plaintiff's allegations are
5 to be doubted.  The fact that plaintiff is fulfilling the
6 Congressional purpose when it provided for private enforcement of
7 the ADA is hardly evidence of bad faith.  See Wilson v. Pier 1
8 Imports (US), Inc., -- F.Supp.2d --, 2006 WL 213823, *1 (E.D. Cal.
9 2006).
10  Defendant also complains about Feezor's decision to notify
11 Chico Lodging of barriers that do not affect Feezor's disability.
12 Plaintiff conceded in the complaint that he does not have standing
13 to bring these claims.  The complaint does not identify which of
14 the barriers in the attachment are associated with Feezor's
15 disability and which are not.  Defendant claims that this renders
16 the complaint impossible to answer.  The court fails to see why
17 this is the case.  Chico Lodging may answer the complaint as to the
18 existence of the barriers, and deny liability by virtue of a lack
19 of standing where appropriate.
20 **B.   SPECIFICITY OF PLEADING**
21  Defendant's second claim is in two parts.  First, defendant
22 argues that the complaint is not specific enough in that it does
23 not mention which portions of the property Mr. Feezor actually
24 visited or how the barriers he allegedly encountered interfered
25 with his use and enjoyment.  This contention is equally frivolous.
26 ////

5

The pleading puts Chico Lodging on notice that plaintiff visited the Marriott and encountered barriers.  Attached to the complaint is a list of 75 alleged specific violations, including a citation to the ADAAG standard (and, in some cases, other standards as well) with photographs attached. This is clearly more than what is required under federal notice pleading.  As long as the plaintiff alleges that he encountered one barrier on his visit he has the right to bring suit for any other barriers which exist at the facility which might hinder his access in the future, even if he only became aware of those barriers as a result of his expert's subsequent review of the facility. Pickern v. Holiday Quality Foods Inc. 293 F.3d 1133, 1138 (9th Cir. 2002); Wilson v. Pier 1 Imports (US), Inc., -- F. Supp.2d --,  2006 WL 280953, *4 (E.D. Cal. 2006).

Defendant next argues that some of the statements in the complaint are not specific enough.  For example, the complaint states that the "tow away sign [is] posted at wrong height" and defendant claims that this is not specific enough because it does not provide what height the sign is or why that height is in violation of the law.  Those details, however, go beyond what is required for notice pleading.

Defendant also claims that there are allegations in the complaint that have been rejected by this court on previous occasions and thus are "disingenuous" for Mr. Feezor to plead. They cite to no doctrine of estoppel or res judicata which prohibits pleading of violations which were rejected in a different

6

case with different plaintiffs *and* different defendants. If such a doctrine exists the court is unaware of it.

Defendant argues that some of Mr. Feezor's alleged violations are "bogus on their face." As the court understands defendant's motion, however, it is not moving to specifically dismiss those claims, but the entire complaint. A similar problem exists with the argument that some of the violations are "non-existent" since the complaint does not specifically set out evidence of what is required, and what exists at the facility. The example given is that there is no lift in the pool, defendant states that this is not required, but provide a cite to a portion of the DSA's California Access Compliance Reference Manual (which plaintiff referenced in the attachment to the complaint) which requires that "public and common rooms and similar areas shall be made accessible to people with disabilities." Defendant does not show, however, how the pool is accessible.

The single most persuasive argument defendant makes is that Mr. Feezor has not alleged that he was a registered guest, and therefore that he was entitled to access the pool, workout room, and guest rooms. However, this, again, is beyond what is required by the pleading standard.[1]

Feezor's complaint is clearly a cookie cutter model which includes allegations that the hotel was both designed or

---

[1] Moreover, it is not clear that this affects the character of the facility as a public accommodation. In any event, defendant has not demonstrated why plaintiff's failure to register, if such is the fact, bears upon the sufficiency of the complaint.

constructed after January 26, 1992[2] and that it was altered after that date. Defendant states that the complaint "is so generic that it entirely fails to take into consideration that the Property is newly built." Def.'s Br. at 7. However, the complaint clearly alleges that the facility was constructed after the relevant date, there does not appear to be anything more required at this stage of the proceedings. Throughout the brief, the defendant puts much emphasis on the fact that the building is brand new, somehow suggesting that because it is brand new that the court should assume that it has no violations of the ADA. Obviously, the one fact, assuming it is true, hardly mandates the suggested conclusion.

Finally, while it may seem inconvenient to the defendant that they need to respond to all the allegations set out in the complaint - that is what the law requires. The liberal pleading standard of Rule 8 only requires the "short and plain statement of the claim showing that the pleader is entitled to relief" that appears to have been accomplished here. Plaintiff has alleged that he visited the hotel, encountered barriers, and was deterred from visiting in the future. He alleges that the hotel was built and/or modified after 1992 and sets out the four statutes under which he seeks recovery. Plaintiff also includes a very lengthy list of alleged violations, including citations to exact code provisions, it is not even clear that the list would have been required at all.

---

[2] The date after which the ADAAG standards are triggered as plain violations of the ADA.

1  The rule does not require more.
2       The court has considered whether it is appropriate to sanction
3  defendant for a frivolous motion unduly multiplying these
4  proceedings.  The court has decided not to, given that certain
5  recent District Court cases have, in effect, encouraged this
6  motion.  The court, however, cautions counsel that future similar
7  conduct will not be viewed with equal sanguinity.
8       Defendant's motion to dismiss is DENIED.
9       IT IS SO ORDERED.
10      DATED:  February 27, 2006.

                                    /s/Lawrence K. Karlton
                                    LAWRENCE K. KARLTON
                                    SENIOR JUDGE
                                    UNITED STATES DISTRICT COURT