ANTHONY L. HALL, CA Bar # 187960
ahall@halelane.com
PATRICIA C. HALSTEAD, CA Bar #203915
phalstead@halelane.com
HALE LANE
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511
Telephone: 775.327-3000
Facsimile:  775.786-6179

Attorneys for Defendant CHICO LODGING

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARY FEEZOR,<br><br>             Plaintiff,<br><br>      v.<br><br>CHICO LODGING, LLC dba MARRIOTT,<br><br>             Defendant. | Case No. CV-01951-LKK-CMK<br><br>**ANSWER**<br><br>DISCOVERY CUT-OFF:  NONE SET<br>MOTION CUT-OFF:  NONE SET<br>TRIAL DATE:  NONE SET |

Defendant Chico Lodging, LLC, hereby responds to Plaintiff Lary Feezor's Complaint as follows:

## I. SUMMARY

1.   Chico Lodging is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of Plaintiff's Complaint and, therefore, denies the same.

2.   In response to Paragraph 2 of Plaintiff's Complaint, Chico lodging admits that Plaintiff seeks relief against Chico Lodging pursuant to the Americans with Disabilities Act and related California statutes, but denies the remainder of the allegations and denies liability under said statutes.

## II. JURISDICTION

3.   Chico Lodging admits the allegations in Paragraph 3 of Plaintiff's Complaint.

4.   Chico Lodging is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of Plaintiff's Complaint and, therefore, denies the same.

5. Chico Lodging admits the allegations in Paragraph 5 of Plaintiff's Complaint.

### III. VENUE

6. Chico Lodging admits the allegations in Paragraph 6 of Plaintiff's Complaint.

### IV. PARTIES

7. Chico Lodging denies the allegations in Paragraph 7 of Plaintiff's Complaint.

8. Chico Lodging is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 8 of Plaintiff's Complaint and, therefore, denies the same.

### V. FACTS

9. Chico Lodging admits that allegations in Paragraph 9 of Plaintiff's Complaint.

10. Chico Lodging denies the allegations in Paragraph 10 of Plaintiff's Complaint.

11. Chico Lodging is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of Plaintiff's Complaint and, therefore, denies the same.

12. Chico Lodging is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 12 of Plaintiff's Complaint and, therefore, denies the same.

13. Chico Lodging denies the allegations in Paragraph 13 of Plaintiff's Complaint.

### VI. FIRST CLAIM

Americans with Disabilities Act of 1990

14. In response to Paragraph 14 of Plaintiff's Complaint, Chico Lodging restates its responses to Paragraphs 1 through 13 of Plaintiff's Complaint as though fully set forth herein.

15. Paragraph 15 of Plaintiff's Complaint states a legal conclusion to which no response is necessary under the Federal Rules of Civil Procedure. However, to the extent an answer is required, Chico Lodging denied the Plaintiff's characterization of the ADA.

16. Chico Lodging denies the allegations in Paragraph 16 of Plaintiff's Complaint.

17. Paragraph 17 of Plaintiff's Complaint states a legal conclusion to which no response is necessary under the Federal Rules of Civil Procedure.

18. Paragraph 18 of Plaintiff's Complaint states a legal conclusion to which no response is necessary under the Federal Rules of Civil Procedure.

19. Chico Lodging denies the allegations in Paragraph 19 of Plaintiff's Complaint.

20. Chico Lodging denies the allegations in Paragraph 20 of Plaintiff's Complaint.

21. Chico Lodging is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 21 of Plaintiff's Complaint and, therefore, denies the same.

22. Paragraph 22 of Plaintiff's Complaint states a legal conclusion to which no response is necessary under the Federal Rules of Civil Procedure.

23. Chico Lodging denies the allegations in Paragraph 23 of Plaintiff's Complaint.

24. Chico Lodging denies the allegations in Paragraph 24 of Plaintiff's Complaint.

25. Paragraph 25 of Plaintiff's Complaint states a legal conclusion to which no response is necessary under the Federal Rules of Civil Procedure.

26. Chico Lodging denies the allegations in Paragraph 26 of Plaintiff's Complaint.

27. Paragraph 27 of Plaintiff's Complaint states a legal conclusion to which no response is necessary under the Federal Rules of Civil Procedure.

28. Chico Lodging denies the allegations in Paragraph 28 of Plaintiff's Complaint.

29. In response to Paragraph 29 of Plaintiff's Complaint, Chico Lodging responds by stating that Paragraph 29 is improper and should be included in the prayer for relief, and on that basis, Chico Lodging is not required to respond to Plaintiff's prayer. However, to the extent this Paragraph asserts allegations, Chico Lodging denies the same.

30. In response to Paragraph 30 of Plaintiff's Complaint, Chico Lodging responds by stating that Paragraph 30 is improper and should be included in the prayer for relief, and on that basis, Chico Lodging is not required to respond to Plaintiff's prayer. However, to the extent this Paragraph asserts allegations, Chico Lodging denies the same.

## VII. SECOND CLAIM

### (Disabled Persons Act)

31. In response to Paragraph 31 of Plaintiff's Complaint, Chico Lodging restates its responses to Paragraphs 1 through 30 of Plaintiff's Complaint as though fully set forth herein.

32. Paragraph 32 of Plaintiff's Complaint states a legal conclusion to which no response is necessary under the Federal Rules of Civil Procedure.

33. Paragraph 33 of Plaintiff's Complaint states a legal conclusion to which no response is

necessary under the Federal Rules of Civil Procedure.

34. Paragraph 34 of Plaintiff's Complaint states a legal conclusion to which no response is necessary under the Federal Rules of Civil Procedure.

35. Chico Lodging denies the allegations in Paragraph 35 of Plaintiff's Complaint.

36. In response to Paragraph 36 of Plaintiff's Complaint, Chico Lodging responds by stating that Paragraph 36 is improper and should be included in the prayer for relief, and on that basis, Chico Lodging is not required to respond to Plaintiff's prayer. However, to the extent this Paragraph asserts allegations, Chico Lodging denies the same.

37. In response to Paragraph 37 of Plaintiff's Complaint, Chico Lodging responds by stating that Paragraph 37 is improper and should be included in the prayer for relief, and on that basis, Chico Lodging is not required to respond to Plaintiff's prayer. However, to the extent this Paragraph asserts allegations, Chico Lodging denies the same.

## VIII. THIRD CLAIM

(Unruh Civil Rights Act)

38. In response to Paragraph 38 of Plaintiff's Complaint, Chico Lodging restates its responses to Paragraphs 1 through 37 of Plaintiff's Complaint as though fully set forth herein.

39. Paragraph 39 of Plaintiff's Complaint states a legal conclusion to which no response is necessary under the Federal Rules of Civil Procedure.

40. Paragraph 40 of Plaintiff's Complaint states a legal conclusion to which no response is necessary under the Federal Rules of Civil Procedure.

41. Paragraph 41 of Plaintiff's Complaint states a legal conclusion to which no response is necessary under the Federal Rules of Civil Procedure.

42. Chico Lodging denies the allegations in Paragraph 42 of Plaintiff's Complaint.

43. Chico Lodging denies the allegations in Paragraph 43 of Plaintiff's Complaint.

44. Chico Lodging denies the allegation in Paragraph 44 that Plaintiff was damaged by Marriott's wrongful conduct and in response the remainder of Paragraph 44 of Plaintiff's Complaint, Chico Lodging responds by stating that it is improper and should be included in the prayer for relief, and on that basis, Chico Lodging is not required to respond to Plaintiff's prayer. However, to the

extent this Paragraph asserts allegations, Chico Lodging denies the same.

45. In response to Paragraph 45 of Plaintiff's Complaint, Chico Lodging responds by stating that Paragraph 45 is improper and should be included in the prayer for relief, and on that basis, Chico Lodging is not required to respond to Plaintiff's prayer. However, to the extent this Paragraph asserts allegations, Chico Lodging denies the same.

## IX. FOURTH CLAIM

(Denial of Full and Equal Access to Public Facilities)

46. In response to Paragraph 46 of Plaintiff's Complaint, Chico Lodging restates its responses to Paragraphs 1 through 45 of Plaintiff's Complaint as though fully set forth herein.

47. Paragraph 47 of Plaintiff's Complaint states a legal conclusion to which no response is necessary under the Federal Rules of Civil Procedure.

48. Paragraph 48 of Plaintiff's Complaint states a legal conclusion to which no response is necessary under the Federal Rules of Civil Procedure.

49. Chico Lodging denies the allegations in Paragraph 49 of Plaintiff's Complaint.

50. Chico Lodging denies the allegation in Paragraph 50 that non-compliance by Marriott and in response the remainder of Paragraph 44 of Plaintiff's Complaint, Chico Lodging responds by stating that it is improper and should be included in the prayer for relief, and on that basis, Chico Lodging is not required to respond to Plaintiff's prayer. However, to the extent this Paragraph asserts allegations, Chico Lodging denies the same.

WHEREFORE, Chico Lodging respectfully requests relief as follows:

1. For judgment decreeing that the Plaintiff is entitled to recover nothing by way of his Complaint and that the Complaint be dismissed with prejudice;

2. For an award of attorneys' fees and costs of suit incurred herein; and

3. For such other and further relief as the Court deems proper.

## **AFFIRMATIVE DEFENSES**

As a first, separate and affirmative defense to the complaint Chico Lodging alleges as follows:

1. AS A FIRST, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, Defendant alleges that Plaintiff does not have standing.

2. AS A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, Defendant alleges that Plaintiff has failed to state a claim upon which relief may be granted.

3. AS A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, Defendant alleges that Plaintiffs claims are barred by the doctrine of unclean hands.

4. AS A FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, Defendant alleges that Plaintiff has failed to plead with sufficient specificity to provide adequate notice to Chico Lodging of Plaintiff's claims and, therefore, Plaintiff's claims should be dismissed.

5. AS A FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, Defendant alleges that Plaintiff's Complaint, as a whole, and each purported claim for relief alleged therein, fails to state facts sufficient to constitute a claim for relief against Chico Lodging.

6. AS A SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, Defendant alleges that Plaintiff's claims for relief for damages are barred because Defendant did not interfere with Plaintiff's access to the goods and/or services provided by Defendant.

7. AS A SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, Defendant alleges that the matters alleged in the Complaint were caused by the fault of other persons and entities of other parties and/or non-parties to this action and Chico Lodging's liability, if any, should be reduced accordingly.

8. AS AN EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, Defendant alleges that Chico Lodging's alleged conduct is privileged because it was undertaken pursuant to the terms of the applicable laws, regulations, orders, and approvals relating to building construction, renovation and/or remodeling.

9. AS A NINTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, Defendant alleges that Plaintiff is estopped by his own conduct from claiming any right to damages or any relief against Chico Lodging.

10. AS A TENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, Defendant alleges that Plaintiff failed to mitigate his damages and, thereby, is

precluded from recovering those damages that could have reasonably been avoided by the exercise of due care.

11. AS AN ELEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, Defendants alleges that Pursuant to California Civil Code section 55, in the event Chico Lodging prevails in this action, Chico Lodging is entitled to recover reasonable attorney's fees as and for the defense of this matter and Chico Lodging hereby alleges entitlement by reason thereof to attorney's fees and reasonable costs in this action.

12. AS A TWELFTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, Defendant alleges that Plaintiff's claims are barred by reason of Chico Lodging's good faith reliance upon the permissible, reasonable interpretations of California law by local building authorities and issuance of building permits and Certificates of Occupancy.

13. AS A THIRTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, Defendant alleges that Plaintiff's Complaint and each alleged purported claim for relief alleged therein are barred by reason of Chico Lodging's good faith reliance upon the advise of architects.

14. AS A FOURTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, Defendant alleges that The alleged violations are not required to be addressed under federal or California law.

15. AS A FIFTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, Defendants alleges that any alleged required changes would impose an undue burden upon Chico Lodging.

16. AS A SIXTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, Defendant alleges that any alleged required changes are not readily achievable.

17. AS A SEVENTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, Defendants alleges that any alleged required changes would fundamentally alter the nature of the goods and/or services provided by Chico Lodging.

18. AS AN EIGHTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, Defendant alleges that Chico Lodging provided Plaintiff alternative methods for

access.

19. AS A NINETEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, Defendant alleges that Plaintiff was not a bona fide patron of Chico Lodging's establishment; rather, Plaintiff visited Chico Lodging's establishment for the purposes of instituting the instant litigation.

20. AS A TWENTIETH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, Defendant alleges that any alleged required changes are not required under federal or California law because the cost and scope of such alterations are disproportionate to the cost of the overall costs of total construct of the building at issue.

21. AS A TWENTY-FIRST, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, Defendant alleges that Plaintiff's claims are barred by the applicable statute of limitations.

22. AS A TWENTY-SECOND, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, Defendant alleges Chico Lodging did not intentionally impede or impair access to Plaintiff.

23. AS A TWENTY-THIRD, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, Defendant alleges that Chico Lodging believes that it and other third parties provide persons with disabilities alternatives to barrier removal by providing access by alternative methods such as customer service and sales assistance.

24. AS A TWENTY-FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, Defendant alleges that the Complaint fails to state any facts sufficient to recover punitive damages.

25. AS A TWENTY-FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, Defendant alleges that Chico Lodging lacked practical and legal control over the modifications, if any, made to the restaurant and therefore, if any legal liability is found to exist by virtue of Plaintiff's denial of access to the restaurant or its services, responsibility for any such violations of law are attributable to a third party other than Chico Lodging.

26. AS A TWENTY-SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE

Hale Lane Peek Dennison and Howard
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511

COMPLAINT, Defendant alleges that Chico Lodging lacked practical and legal control over the modifications, if any, made to the restaurant and therefore, if any legal liability is found to exist by virtue of Plaintiff's denial of access to the restaurant or its services, responsibility for any such violations of law are attributable to a third party other than Chico Lodging.

27.   AS A TWENTY-SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, Defendant alleges that because the Complaint is couched in conclusory and vague terms, Chico Lodging cannot fully anticipate all affirmative defenses that may be applicable to this case. Accordingly, Chico Lodging hereby reserve the right to assert additional affirmative defenses.

Dated: March 10th, 2006

By: _____
ANTHONY L. HALL, CA Bar # 187960
PATRICIA C. HALSTEAD, CA Bar #203915
HALE LANE
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511
Telephone: 775.327-3000
Facsimile: 775.786-6179

Attorney for Defendant   CHICO LODGING

# PROOF OF SERVICE

STATE OF CALIFORNIA
*Lary Feezor v. Chico Lodging, LLC*

I am employed in the County of Washoe, State of Nevada. I am over the age of 18 and not a party to the within action. My business address is 5441 Kietzke Lane, Second Floor, Reno, Nevada 89511. On March 10th, 2006, I served the foregoing document described as: **ANSWER** on all interested parties in this action:

**Lynn Hubbard, III
Scottlynn J. Hubbard, IV
Law Offices of Lynn Hubbard
12 Williamsburg Lane
Chico, CA 95926
Fax: 530.894.8244**

__X__   By Facsimile: from (775) 786-6179 to (see above) pursuant to CCP § 1013a, I caused the machine to print a report of the transmission.

__X__   By Mail: I am familiar with the regular mail collection and processing practices of said business, the mail is deposited with the United States Postal Service that same day. I deposited such envelope in the mail at Reno, Nevada. The envelope was mailed with postage thereon fully paid.

_____   By FEDEX Overnight Mail: I am familiar with the firm's practice of collection and processing correspondence for FEDEX Overnight Mail. Under that practice, it would be deposited in the FEDEX box before the last pick-up time at Reno, Nevada, in the ordinary course of business.

_____   By Messenger Service: I caused our Messenger Service, located at _____, to deliver said envelope to the addressee named above.

_____   * (By Personal Service) I delivered such envelope by hand to the office(s) of the addressee.

__X__   (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____   (Federal) I declare that I am employed in the office of a member of the Court at whose discretion that service was made.

March 10th, 2006, at Reno, Nevada.

_____
MARCIA FILIPAS